IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRANDON R. HOLLOWAY,                )
                                    )
            Petitioner,             )
                                    )
      vs.                           )    CAUSE NO. 3:15-CV-477
                                    )
SUPERINTENDENT,                     )
                                    )
            Respondent.             )

OPINION AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus filed by Brandon R. Holloway, a pro se prisoner, on October 13, 2015. For the reasons set forth below, the Court **DENIES** the petition pursuant to Section 2254 Habeas Corpus Rule 4 and **DIRECTS** the Clerk to close this case.

DISCUSSION

Holloway filed this habeas corpus petition challenging REF 15-07-0009, a prison disciplinary proceeding held at the Indianapolis Re-Entry Education Facility where the Disciplinary Hearing Officer (DHO) found him guilty of Intoxicants in violation of B-231. As a result, he was sanctioned with the loss of 90 days earned credit time and demoted from Credit Class 1 to Credit Class 2 on June 10, 2015.

In his petition, Holloway raises three grounds but substantively they are all merely different ways of arguing that there was insufficient evidence to have found him guilty. First, he argues that there was no evidence against him because he passed a urinalysis test, was not given a Breathalyzer, and did not have his blood tested. Neither were any intoxicants found or seized. Second, he argues that he was merely reported having been found out of place in a sweet, sickly, smoky smelling room. Finally he argues that one guard did not enter the room, but another stated that the room was smoke filled.

The offense Intoxicants is defined as "Making or possessing intoxicants, or _being under the influence of any intoxicating substance_ (e.g., alcohol, inhalants)." Policy 02-04-101, Disciplinary Code for Adult Offenders, Appendix I: Offenses, available at https://secure.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf (emphasis added).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

_McPherson v. McBride_, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached

by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). Even a Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Such is the case here.

The conduct report states, "I, Ofc. Jumercado walked into Room 'D1N-09', Resident – Holloway, Brandon DOC# 998565 was seen out-of-place in a 'sickly, sweet smoky smelling' room (D1N-09) along with 3 other residents – they were trying to spray blue deodorizing chemical in room." DE 1 at 4. It also states, "All 4 residents noted to have 'red-blood-shot-eyes,' while leaving unit by this officer." *Id*. Given the observations and report of that officer, it was not arbitrary for the DHO to have concluded that Holloway was under the influence of an intoxicant. Though there are other possibilities as well, "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but

the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985).


CONCLUSION

For the reasons set forth above, the Court **DENIES** the petition pursuant to Section 2254 Habeas Corpus Rule 4 and **DIRECTS** the Clerk to close this case.


DATED: April 18, 2016          /s/RUDY LOZANO, Judge
                               United State District Court